R. W. SIMS, R. W. Sims, Trustee, R. W. Sims Trust, and the Travel Batcher Corporation

v.

MACK TRUCKS, INC.

Civ. A. No. 78–2575.

United States District Court, E. D. Pennsylvania.

Jan. 5, 1979.

John A. Young, Fort Wayne, Ind., for Sims, et al.

Stanley B. Kita, Philadelphia, Pa., for plaintiffs.

Jon A. Baughman, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

Plaintiffs in this diversity action allege unfair competition and unlawful conversion of trade secrets. We have jurisdiction under 28 U.S.C. § 1332. Defendants, contending that our decision in an earlier case between these parties is *res judicata*, ask us to dismiss the complaint of R. W. Sims, Trustee and R. W. Sims Trust.

In *R. W. Sims v. Mack Trucks, Inc.*, 444 F.Supp. 1277, 1282 (1978), we held that under Pennsylvania law a suit for unfair competition can be brought only by a business rival of the defendant. This conclusion was compelled because "the common law of unfair competition stands vigil over the . . . rights of a business competitor to certain elements of fair play in the market in which he is involved," *id.* (footnote omitted), and thus protects only those vying with defendant for customers. We accordingly decided that R. W. Sims, Trustee and R. W. Sims Trust, although holders of a patent for concrete mixers, could not successfully bring an unfair competition action against a manufacturer-seller of mixers because plaintiffs were engaged solely in the business of *licensing* others to manufacture and sell the patented machines and were thus not involved in the same market as defendant Mack Trucks.

Defendant now argues that our grant of summary judgment against plaintiffs' unfair competition complaint in the previous case is *res judicata* here as to R. W. Sims, Trustee and R. W. Sims Trust. We agree.

■ The doctrine of *res judicata* bars repetitious litigation of the same action. Its application is triggered by the presence of the following factors: (1) the same parties; (2) a final judgment on the merits; and (3) the same cause of action. *Sworob v. Harris*, 451 F.Supp. 96, 99–100 (E.D.Pa. 1978); *Raitport v. GMC*, 450 F.Supp. 1349, 1352 (E.D.Pa.1978); *Holt Hauling & Warehousing Systems, Inc. v. Rapistan, Inc.*, 448 F.Supp. 991, 996 (E.D.Pa.1978). These three requirements are easily satisfied in this case. The parties to whom the motion to dismiss is addressed are the same as those in the earlier suit[1] and our grant of summary judgment is a final decision on the merits sufficient to raise a defense of *res judicata*. *Hubicki v. ACF Industries, Inc.*, 484 F.2d 519, 524 (3d Cir. 1973). Further, without the agony that often attends identification of the perimeter of a cause of action, we can confidently conclude that because the allegations here are nearly identical to those in the previous complaint, the two suits involve the same cause of action. *Riverside Memorial Mausoleum, Inc. v. UMET Trust*, 581 F.2d 62, 66 (3d Cir. 1978). *Res judicata* therefore precludes suit by R. W. Sims, Trustee, and R. W. Sims Trust.

■ Plaintiffs seek to avoid the bar of *res judicata* by seizing on our speculation in the prior adjudication that a trade secret suit might be properly brought by different parties than those entitled to maintain an unfair competition action. Our entire discussion of this point was as follows:

"Both parties have argued the common law count in this case under the conceptual rubric of 'unfair competition', and our conclusion that defendant's motion for summary judgment should be granted as

---

1. R. W. Sims, as an individual, and Travel Batcher Corporation, plaintiffs in this suit, were not parties to the previous action. The addition of new plaintiffs to the later complaint

does not, however, prevent the application of *res judicata* to those plaintiffs who were parties to the prior litigation. *Adams v. ABA*, 400 F.Supp. 219, 226 (E.D.Pa.1975).

to that count is based on an analysis of that body of law. We suspect that at least one factual component of plaintiffs' 'unfair competition' claim, defendant's alleged theft of trade secrets, might be a tort conceptually distinct from the tort of unfair competition and would merit separate consideration had the parties addressed it independently. Neither plaintiffs nor defendant has advanced any argument that the alleged theft of trade secrets has any ramifications with respect to the legal issue of plaintiffs' ability to hold defendant liable on Count Two which diverged from those of the unfair competition claims generally. Because the legal relevance of theft of trade secret allegations to this aspect of the case has been neither briefed nor argued, we will not engage in any such analysis." *R. W. Sims v. Mack Trucks, Inc.,* 444 F.Supp. at 1282–83.

Plaintiffs R. W. Sims, Trustee, and R. W. Sims Trust, citing no authority and offering no argument, now baldly assert that they should be allowed to press this action as a trade secrets case. We note first that the *res judicata* bar is a sufficient answer to plaintiffs' assertion. The trade secrets claim that Sims, Trustee and Sims Trust are struggling to preserve has the same factual predicate as the previously dismissed unfair competition complaint. Thus, although the underlying legal theories are different, the trade secrets and unfair competition claims constitute a single cause of action, *Expert Electric, Inc. v. Levine,* 554 F.2d 1227, 1234 (2d Cir. 1977) and our final judgment on the merits of the unfair competition count in the earlier action between the same parties precludes litigation now of its factual clone, the trade secrets complaint.

■ We need not rely solely on *res judicata,* however, to conclude that the trade secrets action cannot be maintained. The suspicion expressed in our earlier opinion that conversion of trade secrets may be a tort conceptually distinct from unfair competition for purposes of determining who may bring suit has proven to be unfounded. Under Pennsylvania law, which controls

this issue, *R. W. Sims v. Mack Truck, Inc.,* 444 F.Supp. at 1281, the consensus definition of a trade secret is that of the *Restatement of Torts,* § 757c comment b: "a trade secret may consist of any formula, pattern, device or compilation of information which is *used in one's business, and gives him an opportunity to obtain an advantage over competitors who do not know or use it.*" *Van Products Co. v. General Welding & Fabricating Co.,* 419 Pa. 248, 258–59, 213 A.2d 769, 775 (1965) (emphasis added). Thus, the Pennsylvania common law tort of trade secrets, like that of unfair competition, protects only those in business, as competitors of defendant.

What we said of unfair competition in our previous opinion can be repeated verbatim here, namely that the common law of trade secrets "stands vigil over the distinguishable rights of a business competitor to certain elements of fair play in the market in which he is involved." *Id.* at 1282. Because R. W. Sims, Trustee and R. W. Sims Trust have never been competitors of Mack Truck, *id.* at 1281, they cannot successfully bring this trade secrets action. We therefore conclude that defendant's motion to dismiss the complaint of plaintiffs R. W. Sims, Trustee and R. W. Sims Trust should be granted.