**PRATT & WHITNEY CANADA INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 111–84C.

United States Claims Court.

April 13, 1987.

Barry E. Bretschneider, Washington, D.C., for plaintiff. Ronald R. Snider, of counsel.

Jeffry H. Nelson and Michael J. Fink, with whom was Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## ORDER

SMITH, Chief Judge.

The case is before the court on Plaintiff's Motion for Partial Summary Judgment on Laches Defense and Plaintiff's Motion for Leave to File Deposition Testimony. This order elaborates upon an oral ruling given by the court at the close of argument on those motions. That ruling was based upon consideration of the parties' submissions and oral argument.

*(1)* Plaintiff's Motion for Partial Summary Judgment on Laches Defense is denied. This is an action brought under 28 U.S.C. § 1498 for an unauthorized use by the government of a diffuser claimed in U.S. Patent No. 3,333,762 (Vrana patent). This action was filed approximately 10 years after the plaintiff first became aware of possible incorporation of the Vrana patent into the General Electric T700 engine. The government has plead the defense of laches because more than six years passed between patentee's first knowledge of infringement and the filing of suit. The plaintiff filed a motion for partial summary

judgment arguing this court does not have jurisdiction to consider a laches defense in actions filed under 28 U.S.C. § 1498.

The sole issue for consideration is whether the court in actions filed under 28 U.S.C. § 1498 has jurisdiction to consider the defense of laches. To determine what defenses are available to the government in an action filed under 28 U.S.C. § 1498 we look first to the plain language of the statute. 28 U.S.C. § 1498(a) was enacted to replace 35 U.S.C. § 68, June 25, 1948, C. 646, 62 Stat. 941 which had specifically provided what defenses were available to the government.[1] The legislative history of section 1498 makes it clear that although the language of section 68 regarding defenses available to the government was omitted, the government is still entitled to assert any defense available to a private party in an infringement action under Title 35.[2]

The plaintiff argues that since laches is not always a total bar to recovery, but often only a limitation on damages, it is not one of the affirmative defenses available to the government under 28 U.S.C. § 1498. Laches is a defense available to a private party in an action under Title 35 but if proven would only bar the recovery of damages based on claims arising prior to the filing of suit. *Leinoff v. Louis Milona & Sons, Inc.,* 726 F.2d 734 (Fed.Cir.1984). The plaintiff argues this limitation is analogous to the limitation in *Motorola, Inc. v. United States,* 729 F.2d 765 (Fed.Cir.1984). *Motorola* held that the government is not entitled to assert a defense under 35 U.S.C. § 287 because it is a limitation on damages and not an affirmative defense under 35 U.S.C. § 282. 35 U.S.C. § 287 advises a patent holder to mark his patented article

with notice of his patent rights and failure to do so limits his recovery of damages to the period after the infringer receives notice of the infringement. The narrow holding of *Motorola* does not apply to the laches defense because laches is a recognized affirmative defense under 35 U.S.C. § 282.

In *Foster v. United States,* 3 Cl.Ct. 440, 442 (1983), *aff'd,* 733 F.2d 88 (Fed.Cir.1984), the court held that laches is an affirmative defense. This is consistent with RUSCC 8(c) wherein it is listed as such. Further, P.J. Federico, a highly knowledgeable commentator on the patent act, has noted in *Commentary on the New Patent Act,* 35 U.S.C.A. 1, p. 55 (1954), that the defenses included in the unenforceability provision of 35 U.S.C. § 282(1) are the equitable defenses of laches, estoppel and unclean hands.

Having concluded that the laches defense is available as a matter of strict statutory construction, it should be noted that the balance of equitable remedies and equitable defenses in this court may not be completely symmetrical. While this result is mandated by statute, it might have been more fair to provide claimants with equitable relief more comparable to that available against private infringers. On the other hand, in this era of merged law and equity carrying the distinctions between legal and equitable defenses to their logical conclusions would undo the significance of any real law-equity merger.

Further, the government under 28 U.S.C. § 1498 has waived sovereign immunity. It has allowed itself all the defenses available to a private party, even though the plaintiff cannot avail itself of all the remedies available to a private party. Although this is indeed an asymmetrical situation, that does

---

1. "In any suit, the United States may avail itself of any and all defenses, general or special, that might be pleaded by a defendant in an action for infringement, as set forth in this chapter, or otherwise." 35 U.S.C. § 68, 1940 ed. (June 25, 1910, ch. 423, 36 Stat. 851; July 1, 1918, ch. 114, 40 Stat. 705.)

2. The Reviser's Note in pertinent part states: Based on section 68 of title 35, U.S.C., 1940 ed., Patents (June 25, 1910, ch. 423, 36 Stat. 851; July 1, 1918, ch. 114, 40 Stat. 705).

Provisions contained in the second proviso of section 68 of title 35, U.S.C., 1940 ed., relating to right of the United States to any general or special defense available to defendants in patent infringement suits were omitted as unnecessary. In the absence of statutory restriction, any defense available to a private party is equally available to the United States. Changes in phraseology were made.

28 U.S.C.A. § 1498, p. 467 (1973).

not render it unjust. But it should be further noted that a determination as to the wisdom of a statute is not the function of a court.

*(2)* Plaintiff's Motion For Leave to File Deposition Testimony is allowed.

(a) The defendant may file its evidentiary objections to the allowed depositions on or before June 24, 1987.

(b) The defendant may file a supplemental brief on or before June 24, 1987, on the issue of live cross-examination of witnesses whose direct testimony is being presented by deposition.

*(3)* The parties are to confer within 10 days on the issues of certification of the court's denial of Plaintiff's Motion for Partial Summary Judgment on Laches Defense, a stay of the case pending certification, and a postponement of the presently scheduled July 13, 1987, trial date. If the parties are able to reach a stipulation on any of these issues, the stipulation shall be filed with the court on or before April 21, 1987. If the parties are unable to reach a stipulation and either party desires to pursue the matter by motion, the motion shall be filed with the court on or before April 24, 1987.

*(4)* The defendant is to file its pretrial submissions on the issue of laches on or before June 24, 1987. The plaintiff is to file its rebuttal pretrial submissions on the issue of laches on or before July 10, 1987, and designate any additional witnesses on the issue of laches on or before July 1, 1987.