74 F.3d 1259
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eli RAITPORT, Plaintiff-Appellant,
and
Scientronic Corporation, Ste Ame Isorait, Ste Ame Suremi,
Ste Ame Raitport, and Raitport GES m.b.H., Plaintiffs,
and
The Republic of Austria, the Kingdom of Belgium, the
Republic of Germany, the Republic of France, the
Republic of Italy and the Kingdom of
Netherlands, Involuntary Plaintiffs,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5117.
 United States Court of Appeals, Federal Circuit.
 Jan. 16, 1996.
 
 Before RADER, Circuit Judge, COWEN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Mr. Raitport appeals the United States Court of Federal Claims' order dismissing his complaint. The court denied Mr. Raitport's motion for recusal and granted the United States' motion for summary judgment based on laches. This court affirms.
 
 
 2
 Mr. Raitport seeks damages for the United States allegedly infringing his U.S. Patent Nos. 3,609,266 ('266) and 3,749,354 ('354). Both patents describe a snap mechanism for use with an electrical switch or valve. The '266 patent issued on September 28, 1971, and the '354 patent (a continuation of patent '266) issued on July 3, 1973.
 
 
 3
 On June 14, 1993 the Court of Federal Claims dismissed this case for lack of jurisdiction. Raitport v. United States, No. 93-357C (Fed.Cl.1993), vacated, 29 F.3d 644 (Fed.Cir.1994). On remand, the United States moved for summary judgment for laches because Mr. Raitport knew, or should have known, of alleged acts of infringement starting in 1985, but failed to file this suit until June 1993.
 
 
 4
 In response to the summary judgment motion, Mr. Raitport filed documents without evidence to oppose the motion. In general, the documents contained unsubstantiated accusations against courts, federal judges, executive branch federal employees, and members of Congress. The court ordered all redundant, defamatory statements about these courts, judges, federal employees, and members of Congress stricken from the filings and required Mr. Raitport to furnish a factual basis for allegations of wrongdoing. To enforce this order, the court ordered the Clerk to obtain approval of the court before filing any more of Mr. Raitport's submissions.
 
 
 5
 Mr. Raitport refused to alter any of his prior document submissions. He suggested that the United States Court of Federal Claims, which had ordered Mr. Raitport to provide a factual basis for any wrongdoing by others, had committed theft and was guilty of racketeering. Without evidence to support this allegation, Mr. Raitport filed a motion requesting the judge's recusal. The court denied Mr. Raitport's request for recusal and granted the United States' motion for summary judgment.
 
 DISCUSSION
 RECUSAL
 
 6
 Under 28 U.S.C. Sec. 455(a) (1988), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Mr. Raitport has not supported his motion to recuse with any facts implicating the trial court's impartiality. Therefore, the trial court's impartiality cannot be reasonably questioned and the court correctly dismissed Mr. Raitport's motion.
 
 LACHES
 
 7
 Applying the defense of laches is within the trial court's discretion. A.C. Aukerman Co. v. R.L. Chaides Const. Co., 960 F.2d 1020, 1032 (Fed.Cir.1992) (en banc). In order to invoke laches, defendant has the burden of proving two factors: (1) plaintiff delayed in filing suit for an unreasonable and inexcusable length of time from the time plaintiff knew or reasonably should have known of its claim against defendant, and (2) the delay prejudiced defendant. Id.
 
 
 8
 Due to Mr. Raitport's eight-year delay in filing suit, a presumption arises in favor of both elements for laches. To rebut this presumption, Mr. Raitport must produce sufficient evidence to show a genuine issue of fact about these elements. A.C. Aukerman, 960 F.2d at 1038. Mr. Raitport did not produce such evidence.
 
 
 9
 In his affidavit, Mr. Raitport suggested that the numerous cases he filed against other defendants are evidence that he sought to protect his patent rights. Most of these cases, however, were not patent infringement cases and were based on a theory that defendants refused to deal with him. See, e.g., Raitport v. General Motors, 450 F.Supp. 1349, 1351 (E.D.Pa.1978).
 
 
 10
 Mr. Raitport had an opportunity to submit evidence to rebut the presumption of laches. Because he did not introduce sufficient evidence, the Court of Federal Claims correctly granted the United States summary judgment motion for laches.