**AVOCENT REDMOND CORP.,**
**a Washington corporation,**
**Plaintiff,**

v.

**The UNITED STATES, Defendant,**

and

**Rose Electronics, Defendant–Intervenor.**

No. 08–69C.

United States Court of Federal Claims.

June 30, 2010.

James D. Berquist, with whom were J. Scott Davidson, Donald L. Jackson and Grace K. Obermann, Davidson Berquist Jackson & Gowdey, LLP, Arlington, VA, for plaintiff.

Robert G. Hilton, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., with whom were John Fargo, Director, and Tony West, Assistant Attorney General, for defendant.

Michael S. Dowler, Howrey LLP, Houston, TX, and James C. Pistorino, Howrey LLP, East Palo Alto, CA, for defendant-intervenor.

## OPINION

MARGOLIS, Senior Judge.

The parties' cross-motions for summary judgment regarding the affirmative defense of laches are before the Court. Oral argument was held in court on May 26, 2010. Because material facts remain in dispute, Avocent Redmond's Motion for Partial Summary Judgment of No Laches, filed March 12, 2010, is DENIED; Rose Electronics' Motion for Summary Judgment Based on Laches, filed March 26, 2010, is DENIED; and the United States' Cross–Motion for Laches, filed April 12, 2010, is DENIED.

## FACTUAL BACKGROUND

This is a patent infringement action brought under 28 U.S.C. § 1498.[1] Plaintiff Avocent Redmond Corp. ("Avocent") is seeking to recover just compensation for the government's unauthorized taking and use of the inventions claimed in the 5,884,096 ("'096 patent") and 6,112,264 ("'264 patent").[2] See Motorola, Inc. v. United States, 729 F.2d 765, 768 (Fed.Cir.1984) (theoretical basis for recovery is the doctrine of eminent domain). As part of its defense, defendant United States has asserted the affirmative defense of laches, as has defendant-intervenor Rose Electronics ("Rose").

---

1. 28 U.S.C. § 1498 reads, in relevant part,

   (a) Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture. [ ... ]

   For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States. [ ... ]

2. Although there are four patents-in-suit, only these two patents are the subject of these motions.

In its motion for summary judgment of no laches, Avocent contends that laches is not available to the United States because it is a limitation on damages according to the Federal Circuit's decision in *A.C. Aukerman Co. v. Chaides Construction Co.*, 960 F.2d 1020 (Fed.Cir.1992) (en banc). Avocent also argues that even if laches is available to the United States, the delay should be measured from February 8, 2007, the date Rose asserted 28 U.S.C. § 1498 as a defense in its answer in *Avocent Redmond v. Rose Electronics*, No. C06–1711, 2007 WL 4892714, the Seattle district court case. Avocent also argues that, in any event, it has not unreasonably or inexcusably delayed because it has been involved in other litigation protecting its patents. Avocent also disputes that the United States and Rose have suffered evidentiary prejudice from any delay.

Rose argues that laches is available to the government under *Aukerman*, because laches is a defense, distinguished from a limitation on damages. Rose also argues that depositions of Avocent representatives show that Avocent believed the United States was purchasing the accused devices as far back as 1997 but failed to sue or notify the United States at anytime prior to filing suit in this Court in 2008. Rose contends that Avocent's delay in filing is not excused by the other litigation involving the same patents and also asserts that the delay resulted in prejudice because the United States has accrued more liability from on-going purchases and certain items of evidence important to the United States' defense of invalidity have been lost or destroyed.

Similarly, the United States contends that Avocent waited to file the present complaint for more than six years from the date it knew that the accused KVM switches were first obtained by the government and that evidence pertaining to the validity of the patents was lost during that time. Specifically, the United States argues that the defense of laches is available to it because it is a partial defense and not a limitation on damages; delay is not measured from the date that Rose pled 28 U.S.C. § 1498 but rather when Avocent learned of the infringing activity; and Avocent's other litigation

obligations do not excuse its delay in bringing suit against the United States because the United States was never notified regarding its alleged infringement. The United States identifies the same alleged economic and evidentiary prejudice as was claimed by Rose.

### DISCUSSION

■ Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *See* RCFC 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). On summary judgment, the evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved in favor of the nonmovant. *Crown Ops. Intern., Ltd. v. Solutia Inc.*, 289 F.3d 1367, 1375 (Fed.Cir.2002). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. If the moving party satisfies its initial burden, the opposing party must "set out specific facts showing a genuine issue for trial." RCFC 56(e)(2); *see Crown Ops.*, 289 F.3d at 1375. Issues of fact are genuine only if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. *Id.* "A disputed fact is material if it might affect the outcome of the suit such that a finding of that fact is necessary and relevant to the proceeding." *Id.*

### A. *The availability of laches*

■ Avocent argues that laches is not available to the United States as a defense because it is a limitation on damages. Laches is "the neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable bar [to suit]." *Aukerman*, 960 F.2d at 1028–29. Contrary to Avocent's arguments, case law makes clear that laches is available to the United States as a partial defense to a suit brought under § 1498.

35 U.S.C. § 282 governs defenses in a patent infringement case, and although not listed, laches is nonetheless cognizable under § 282 as an equitable defense. *Aukerman*, 960 F.2d at 1029 (noting that the Section Commentary explicitly retains the affirmative defense of laches and characterizing laches as a "defense"). In a § 1498 suit, the United States may avail itself of any defense that is available to a private party. *Pratt & Whitney Canada, Inc. v. United States*, 12 Cl.Ct. 221, 222 (1987) (citing 28 U.S.C. § 1498 Revisor's Notes at 467 (1973)); *see Motorola*, 729 F.2d at 770 (§ 282 defenses are available to the government). Accordingly, laches is available to the government as a defense in a patent infringement action. *Pratt & Whitney*, 12 Cl.Ct. at 222 (so holding); *see, e.g., Raitport v. United States*, 33 Fed.Cl. 155, 159–63 (1995), *aff'd* 74 F.3d 1259, 1996 WL 15909 (Fed.Cir.1996) (unpublished) (patent suit against government barred by laches).

Laches, if proven, would bar recovery of damages for claims arising prior to the filing of the suit, *Leinoff v. Louis Milona & Sons, Inc.*, 726 F.2d 734, 741 (Fed.Cir.1984), but this effect does not make it a limitation on damages; instead, it renders laches a partial defense. *Aukerman*, 960 F.2d at 1041 (laches is a partial defense because it bars relief for past wrongs but not future wrongs). Thus, laches is available as an affirmative defense in suits brought against the United States under § 1498. *Pratt & Whitney*, 12 Cl.Ct. at 222; *see Aukerman*, 960 F.2d at 1029; *Motorola*, 729 F.2d at 770. Accordingly, the United States may assert laches in this case.

### B. *Application of laches*

Although laches is available to the government as a legal defense, the actual application of laches is committed to the trial court's discretion. *Aukerman*, 960 F.2d at 1032. At a minimum, however, the alleged infringer must show (1) the patentee's delay in bringing suit was unreasonable and inexcusable and (2) the alleged infringer suffered material prejudice attributable to the delay. *Id.* The period of delay is measured from the time plaintiff knew or reasonably should have known of the defendant's alleged infringing activities to the date of the suit, but the period may not begin until the patent is issued. *Id.* In order to determine whether the delay is excusable, the court must consider any justification offered by plaintiff for its delay. *Id.* at 1033. To establish prejudice, the defending party must show that allowing the plaintiff's claim after an unreasonable delay will cause the defendant either economic or evidentiary prejudice. *Id. (citing Cornetta v. United States*, 851 F.2d 1372, 1378 (Fed.Cir.1988) (en banc)). In the summary judgment context, the party asserting laches must also establish that there are no genuine issues of material fact with respect to either delay or prejudice. *Wanlass v. Gen. Elec. Co.*, 148 F.3d 1334, 1337 (Fed.Cir.1998).

Based on the evidence before it, the Court finds that genuine issues of material fact exist, thereby precluding summary judgment. Specifically, Rose and the United States have not met their burden of showing an absence of genuine issues of material fact regarding unreasonable and inexcusable delay and resulting prejudice.

Rose and the United States submitted deposition testimony they assert shows that Avocent knew or should have known of the United States' alleged infringing behavior in 1997. The deposition testimony, however, is equivocal on this point, with different Avocent representatives giving different or uncertain answers. Viewing the evidence in the light most favorable to the party opposing the motion and resolving doubts in favor of the nonmovant, *Crown Ops.*, 289 F.3d at 1375, the Court cannot conclude that the date Avocent knew or should have known of the alleged infringing activity is undisputed.

Even were the Court satisfied that the evidence showed Avocent delayed unreasonably and inexcusably in bringing suit, the United States and Rose have not persuaded the Court that material evidentiary prejudice has resulted. Specifically, Rose and the United States complain that the delay in bringing suit resulted in "lost" evidence relating to (1) Avocent Desktop Concentrator and SwitchBack products, (2) Motorola-made computer chips, (3) an alleged prior art product related to the so-called Tragen reference

known as Q–Net Resource Manager ("QNet"), and (4) a mock-up (or "breadboard") made by Avocent to demonstrate the concept of a KVM switch. The Court finds that fact questions exist regarding whether the allegedly lost evidence in question is actually lost and, if lost, whether such evidence would be relevant and material to the issues of this case.

### 1. Circuit schematics for the Desktop Concentrator and SwitchBack products

Although Avocent acknowledges that it no longer has the original circuit schematics for the Desktop Concentrator 8001, Avocent has produced a sample of a closely-related product (the Desktop Concentrator 4001) and product literature. Avocent disputes the importance of the Desktop Concentrator schematics, but also notes that if the defendants truly need the schematics, they can be generated from the product sample by reverse-engineering. Rose, however, continues to dispute that the schematics can be replicated and maintains that the different model number is a critical difference. Thus, whether an adequate version of the schematics can be produced is still in dispute, and the Court cannot definitively say that material prejudice has resulted.

Turning to the SwitchBack product, a dispute exists as to the basic question of whether the SwitchBack product is prior art to the patents-in-suit. If it is not, then the schematics or any other evidence relating to the SwitchBack product are not relevant. Further, Avocent claims to have produced circuit diagrams for the SwitchBack on March 3, 2010, so even if the SwitchBack is prior art and therefore relevant, there remains the question of whether the produced schematics are sufficient to prevent any evidentiary prejudice.

### 2. Motorola Product Information

The United States and Rose contend that evidence relating to a Motorola on-screen display ("OSD") and a potential witness who is knowledgeable about Motorola OSD products cannot be located. Avocent, however, has produced a data sheet (product specifica-

tion) for the particular chip as well as other prior art references that utilized the chip, and the defendants have not shown that the information that has been produced is not sufficient such that they would be prejudiced by having to rely on that evidence as opposed to some other unspecified evidence they might desire. As to the alleged missing witness, Gerald Lunn, the defendants' contention that he may have better or additional information is speculation. In the face of questions regarding what documents or testimony may be missing and their relevance, the Court cannot say that the defendants, at this time, have shown material prejudice from any purported absence of evidence relating to the Motorola OSD chip.

### 3. Q–Net Resource Manager Prior Art

The United States and Rose also complain that the passage of time has left them unable to locate a Q–Net Resource Manager, a product from the 1980s that embodies the ideas of a prior art reference known as the Tragen Reference. They argue that "documents related to the Q–Net would help to explain and illustrate both the prior art 'Tragen Reference' and the Q–Net user manual." [US Opp. at 20.] The relevance and importance of this allegedly missing information is unclear to the Court, and defendants have not shown what the actual Q–Net can prove or that the information they now possess is not sufficient. Thus, on the basis of the evidence before the Court at this time, the defendants have not shown material evidentiary prejudice based on any absence of a Q–Net.

### 4. The KVM Switch "Breadboard"

The parties agree that a concept breadboard created in late 1994 or early 1995 cannot be located. No information is known about when it may have been lost, destroyed, or salvaged and reused, so its loss cannot undisputedly be attributed to any purported delay. Moreover, it appears that the breadboard might help Avocent establish the date it conceived of the idea of a KVM switch, but would not necessarily help defendants. Thus, the Court does not have before it information from which it can find that de-

fendants have proven material prejudice to them resulting from its loss.

## CONCLUSION

Laches is available to the defendants as a defense. Although the United States and Rose are not foreclosed from proving laches at trial, the defendants have not met their burden at this point in the case. Because there are genuine issues of material fact on the issue of laches, summary judgment is denied. Accordingly, the parties' cross-motions for summary judgment are DENIED.